*Pro Se 1 2016*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GENEVA LANGWORTHY,

   Plaintiff(s),

v.

CLALLAM COUNTY,

   Defendant(s).

CASE NO. _____
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☐ Yes  ☐ No

**I.  THE PARTIES TO THIS COMPLAINT**

A. Plaintiff(s)

   *Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

   Name: Geneva Langworthy
   Street Address: 20 Business Park Loop
   City and County: Carlsborg, Clallam County
   State and Zip Code: WA 98324
   Telephone Number: 360-797-3386

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2016*

B.   Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1

   | Field | Value |
   |---|---|
   | Name | Clallam County |
   | Job or Title *(if known)* | |
   | Street Address | 223 East 4th St |
   | City and County | Port Angeles, Clallam County |
   | State and Zip Code | WA 98362 |
   | Telephone Number | 360-417-2000 |

   Defendant No. 2

   | Field | Value |
   |---|---|
   | Name | |
   | Job or Title *(if known)* | |
   | Street Address | |
   | City and County | |
   | State and Zip Code | |
   | Telephone Number | |

   Defendant No. 3

   | Field | Value |
   |---|---|
   | Name | |
   | Job or Title *(if known)* | |
   | Street Address | |
   | City and County | |
   | State and Zip Code | |
   | Telephone Number | |

COMPLAINT FOR A CIVIL CASE - 2

*Pro Se 1 2016*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  (*check all that apply*)

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. Amdt 6.7.2.4 Right of Effective Assistance of Counsel

2. 28 CFR Part 35 Nondiscrimination on the Basis of Disability in State and Local Government Services: (a) Denial of effective communication (b) Retaliation

COMPLAINT FOR A CIVIL CASE - 3

Pro Se 1 2016

B.   If the Basis for Jurisdiction Is Diversity of Citizenship

    1.   The Plaintiff(s)

        a.   If the plaintiff is an individual.

The plaintiff (*name*) _____, is a citizen of the State of (*name*) _____.

        b.   If the plaintiff is a corporation.

The plaintiff, (*name*) _____, is incorporated under the laws of the State of (*name*) _____, and has its principal place of business in the State of (*name*) _____.

(*If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.*)

    2.   The Defendant(s)

        a.   If the defendant is an individual.

The defendant, (*name*) _____, is a citizen of the State of (*name*) _____. Or is a citizen of (*foreign nation*) _____.

        b.   If the defendant is a corporation.

The defendant, (*name*) _____, is incorporated under the laws of the State of (*name*) _____, and has its principal place of business in the State of (*name*) _____.

Or is incorporated under the laws of (*foreign nation*) _____, and has its principal place of business in (*name*) _____.

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

COMPLAINT FOR A CIVIL CASE - 4

3. The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

_____

_____

_____

### III.   STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Clallam County retaliatorily denied effective communication because Plaintiff

attempted to exercise rights under the Americans with Disabilities Act.

_____

### IV.   RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

1. Monetary damages for intentional discrimination, deliberate indifference

2. Provision of effective communication in compliance with ADA and 6th amd

3. Mandatory ADA training for county employees

### V.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2016*

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

      I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 9, 2022

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Geneva Langworthy

Date of signing:

Signature of Plaintiff:

Printed Name of Plaintiff:

Date of signing:

Signature of Plaintiff:

Printed Name of Plaintiff:

COMPLAINT FOR A CIVIL CASE - 6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON (SEATTLE)

GENEVA LANGWORTHY,

    Plaintiff,

vs.

CALLAM COUNTY,

    Defendants.

Case No.

COMPLAINT

## COMPLAINT

The Plaintiff, Geneva Langworthy, is a part-time resident of Clallam County, and owns real property in Clallam County. When abusive neighbors threatened Ms. Langworthy's title and quiet enjoyment of her property, she filed a claim in Clallam Superior Court. The abusive neighbors petitioned for an anti-harassment order, alleging that the act of filing a lawsuit was a harassing course of conduct against them.

Clallam District Court was required to transfer the anti-harassment petition to superior court, pursuant to RCW 10.14.150(1)(b) and (c), because the statute limits district court jurisdiction to issuance of temporary orders when certain conditions, outlined in RCW 10.14.150, apply.

Ms. Langworthy waived personal service of the petition, temporary order, and notice of hearing, stipulating that she wished to be served by certified return receipt letter, instead.

Clallam County Sheriff attempted to personally serve Ms. Langworthy, but her driveway has a locked gate. A sheriff deputy called Ms. Langworthy regarding service, and she verbally informed the deputy of her intent to waive personal service. The sheriff

COMPLAINT                                                                             -1-

deputy lied and submitted a Return of Service stating that Ms. Langworthy said she would "look the [documents] up on the internet", which she did not say.

Ms. Langworthy was never, and still has not been, served with the petition, temporary order, or notice of hearing (nor the full order). Clallam District Court held an ex parte hearing and issued the full order. Ms. Langworthy had filed a pleading with the district court which put them on notice that a superior court was already exercising its jurisdiction over the parties (RCW 10.14.150(1)(c)), and that the dispute involved ownership or use of real property (RCW 10.14.150(1)(b)), so that the district court was made aware that it lacked both personal and subject matter jurisdiction to issue the full order.

Clallam County Sheriff cited Ms. Langworthy for placing a folded paper copy of a pleading from superior court in the mailbox of the abusive neighbors, and for taking photos of the abusive neighbors taking photos of her working on her privacy fence. The county sheriff ignored the provisions in the state statute requiring proper service of the petition prior to investigating or prosecuting an alleged violation.

Ms. Langworthy had also filed a motion in the superior court case, making that court aware of the collateral attack through a lower court, and of the fact that the district court lacked jurisdiction to proceed against Ms. Langworthy, pursuant to RCW 10.14.150(1)(b) and (c). The superior court judge, in spite of being put on notice that the district court had unlawfully issued an order, issued an arrest warrant for Ms. Langworthy's person and her iPad tablet.

Ms. Langworthy was brutalized by the Clallam County Sheriff when they broke open her gate and trespassed on her property in an unlawful arrest. Deputies laughed at Ms. Langworthy's obvious pain, and intentionally shoved her down onto her face repeatedly. Ms. Langworthy has a host of orthopedic issues, for which she has received Social Security Disability since 2000.

Ms. Langworthy timely appealed the anti-harassment order. She made a formal request for a disability accommodation in the form of electronic filing, to Clallam District Court. The accommodation was granted. Email is Ms. Langworthy's preferred mode of communication, as a person with disabilities.

Clallam District Court is proceeding with criminal charges against Ms. Langworthy, in spite of the lack of personal or subject matter jurisdiction, a fact which Ms. Langworthy has repeatedly raised. The Clallam Prosecuting Attorney asked for $35,000 bail for Ms. Langworthy having delivered a copy of a pleading directly to the neighbor's mailbox, and for taking documentary photos from her own property. Obviously, Ms. Langworthy is the victim of malicious prosecution, and a color of law conspiracy.

A public defender was assigned. The public defender appears to be part of the color of law conspiracy against Ms. Langworthy. The assigned counsel, Paul Haggerty, refused to effectively communicate with Ms. Langworthy. He spoke briefly on the phone with Ms. Langworthy once, giving her his email address. Ms. Langworthy requested email communication as her preferred mode of communication with the public defender. However, the assigned counsel refused to respond to Ms. Langworthy's repeated attempts to contact him. She also called the Public Defender's Office at least three times, asking that Mr. Haggerty respond to her emails. There was never any acknowledgment by Mr. Haggerty of Ms. Langworthy's attempts to reach him by email. He also never called Ms. Langworthy on the phone.

The district court judge David Neupert, in spite of Ms. Langworthy having properly and timely disqualified him, issued bail and pre-trial release conditions which were impossible for Langworthy to comply with. The public defender made no effort to secure a continuance or an adjustment of the pre-trial and bail conditions. Ms. Langworthy was forced to leave her property and take refuge in the National Forest in order to avoid further persecution and loss of liberty.

Ms. Langworthy filed a motion to vacate the anti-harassment order for lack of personal and subject matter jurisdiction, into the superior court acting in its appellate capacity. The order denying the motion clearly demonstrated that the superior court did not read Ms. Langworthy's motion accurately, violating the ADA's effective communication requirement.

On August 4, 2022, Clallam District Court emailed Ms. Langworthy a letter revoking her Reasonable Accommodation allowing her to electronically file pleadings. The reason given was retaliation for Ms. Langworthy attempting to assert her rights under the Americans with Disabilities Act. The letter revoking Ms. Langworthy's Reasonable Accommodation also demonstrates denial of effective communication.

1. The Sixth Amendment requires the provision of **effective counsel**. The assigned public defender has proven that he is not effective counsel, because he has done nothing to protect Ms. Langworthy, nor to effectuate her federal rights.

2. The Americans with Disabilities Act requires effective communication with persons who have disabilities:

§ **35.160 General.**

- (a)
    - (1) A public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others.
- (b)
    - (1) A public entity shall furnish appropriate auxiliary aids and services where necessary to afford qualified individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

3. The Americans with Disabilities Act prohibits retaliation:

§ **35.134 Retaliation or coercion**

COMPLAINT                                                            -4-

- (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.

- (b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

Ms. Langworthy requests a change of division to Idaho, preferably, because it is an established fact that a poor, white, disabled party (PWD) cannot get a fair hearing in the federal court in Seattle. Judges Martinez and Jones categorically deny access to white pro se's, and the recently-appointed, new judges in the Western District of Washington were all appointed based upon their race or Hispanic ethnicity, so they can be expected to follow suit. Furthermore, the complete absence of representation of the Disabled population in the federal court in Seattle, illustrates the entrenched bias and intolerance against the disabled. The Americans with Disabilities Act is not recognized in Washington state, partly because the federal court in Seattle refuses to enforce it. Ms. Langworthy will not get a fair hearing in Seattle.

Ms. Langworthy reserves the right to amend this complaint, and to pursue claims for malicious prosecution and other torts of outrage in the state courts.

Respectfully submitted by Geneva Langworthy on August 9, 2022.

S/: *Geneva Langworthy*
PO Box 922
Carlsborg, WA 98324

  Chicken Coop <chickencooproad@gmail.com>

## Email communication
1 message

**Hardy, Lisa** <lisa.hardy@clallamcountywa.gov>　　　　　　　　　　　　　　Thu, Aug 4, 2022 at 1:03 PM
To: Chicken Coop <chickencooproad@gmail.com>

This is the last electronic communication we will have with you.  See attached letter.

Thank you,



District Court Administrator

223 E. 4th Street, Suite 10

Port Angeles WA 98362

(360) 417-2453

📎 **20220804125818.pdf**
128K

# CLALLAM COUNTY
# DISTRICT COURT I

COURTHOUSE
223 East Fourth Street, Suite 10
Port Angeles, WA 98362-3015
(360) 417-2560
FAX (360) 417-2403

David Neupert
Judge

August 4, 2022

Geneva Langworthy
PO Box 922
Sequim WA 98382

Re: Pugsley v. Langworthy, No. Y21-639
      State of Washington v. Langworthy, Nos. 6377-22 / 6378-22

Dear Ms. Langworthy,

    This letter is notice to you that, effective immediately, District Court I will no longer accept documents sent by email from you for filing. This decision is due in part to your recent unfounded allegation [via email dated July 28, 2022] that you "tried seven times to file a motion to vacate, which District Court refused to acknowledge.". You also threatened "federal litigation" based on a misperception of "implicit bias" and a "color of law conspiracy" directed against you.

    You apparently are able to file pleadings by regular mail, as you filed a Certificate of Mailing in case no. Y21-639 on July 29, 2022. You may file pleadings in person at District Court, or by mail. We are willing to send you file-stamped and/or conformed copies of your pleadings on request if you provide a return copy and a self-addressed postage-prepaid reply envelope.

    Enclosed is the "Note for Motion Docket" [case No. y21-639] you included with your July 28, 2022 email to the court clerk. The Note is not accepted for filing, as it did not set a proper date for hearing. Civil motions are heard at 9:00AM on the second and fourth Thursday of each month, as explained to you by reply email on July 28, 2022. You are required to appear in person in your pending criminal cases as there are outstanding bench warrants in each case.

*Lisa Hardy*
Lisa Hardy
District Court Administrator


cc: David Pugsley
    Clallam County Prosecuting Attorney
    Clallam Public Defender

 **Chicken Coop <chickencooproad@gmail.com>**

## A question
1 message

**Chicken Coop** <chickencooproad@gmail.com>  Thu, Jun 16, 2022 at 2:57 PM
To: paulhaggertycpd@olypen.com

Mr. Haggerty,

This is your client Geneva Langworthy. I am writing to inquire whether you were able to get an extension on the bail/pre-trial conditions in the criminal charges against me in district court.

Please let me know at your earliest convenience.

I apologize for missing our morning appointment, I cannot respond to anything which is scheduled before 11 AM.

Thank you,
GL

                                  Chicken Coop <chickencooproad@gmail.com>

## Request continuance
1 message

**Chicken Coop** <chickencooproad@gmail.com>                              Fri, Jul 8, 2022 at 2:30 PM
To: paulhaggertycpd@olypen.com

Mr. Haggerty,

This is your client Geneva Langworthy. I am writing to inquire whether you were able to get a continuance of the bail requirement and conditions of release?

Since I never heard from you, I had to go ahead and leave my property prior to the deadline set (June 20). I should let you know that I do not plan to attend any in-person hearings in this matter for the foreseeable future, because I am the victim of malicious prosecution by the county. There is a hearing on June 15, I believe. I hope that you will be able to get a continuance or arrange for a remote appearance.

It has been made known to me that the sheriff dept. has been accessing the materials on my iPad as part of their prosecution of me, against my express denial of permission.

I moved Judge Basden to vacate for lack of personal jurisdiction, but he denied my motion and basically said what he ruling would be in that RALJ appeal. So I went ahead and filed a notice of discretionary review to Div. II. My MDR is due in the next couple of days.

Thank you,
Geneva Langworthy



Chicken Coop <chickencooproad@gmail.com>

---

# FYI
1 message

---

**Chicken Coop** <chickencooproad@gmail.com>  Thu, Jul 14, 2022 at 2:28 PM
To: paulhaggertycpd@olypen.com

Haven't heard back from you so I don't know what is going on.

I won't be attending any hearing tomorrow morning. Also didn't pay additional bail and can't comply with the other thing...

Hoping you made some progress on my behalf!

---------- Forwarded message ---------
From: **Chicken Coop** <chickencooproad@gmail.com>
Date: Thu, Jul 14, 2022 at 2:23 PM
Subject: Please file
To: <lhardy@co.clallam.wa.us>, <mwilliams@co.clallam.wa.us>


Hello,
Could u please file this into the criminal cases against me? I haven't had any advice from the assigned counsel, so I don't know what my status is as far as representation.

Thank you,
Geneva Langworthy

---

 **REQUEST FOR CONTINUANCE.pdf**
75K