UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>CLALLAM COUNTY,<br><br>　　　　　　　Defendants. | CASE NO. 3:22-cv-05577-BHS<br><br>ORDER AFFIRMING RECUSAL ORDER (DKT. NO. 52) |

**I　　INTRODUCTION**

This matter comes before the Court following referral by United States Magistrate Judge Theresa L. Fricke (Dkt. No. 52) of Plaintiff Geneva Langworthy's motion for recusal.[1] (Dkt. No. 48.) For the reasons stated herein, the Court AFFIRMS Judge Fricke's decision.

---

[1] Plaintiff labels this as a "Notice of Disqualification". (Dkt. No. 48.) Judge Fricke properly interprets this as a motion for recusal and this Court treats it as such.

## II    BACKGROUND

Plaintiff alleges claims against Clallam County and various Clallam County employees. Plaintiff's claims are rooted in an "anti-harassment" suit her neighbors brought against her. (Dkt. No. 4 at 7.)  She claims Clallam County police lied to the Clallam County district court about service of an anti-harassment petition, improperly cited her for violating a state anti-harassment order, and unlawfully arrested her.  (*Id*. at 7-8.)  Plaintiff also alleges her court-appointed lawyer refused to communicate with her and that the county judge improperly revoked her reasonable accommodation to file pleadings electronically.  (*Id*. at 9-10.)

Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), which United States District Judge Benjamin H. Settle referred to Judge Fricke.  (Dkt. No. 1.)  Judge Fricke issued a show cause order requesting Plaintiff provide more details as to why her IFP motion should not be denied due to deficiencies in her proposed Complaint, and alternatively provided her the opportunity to file an amended complaint.  (Dkt. No. 3.)  Without responding to the show cause order, Plaintiff paid the filing fee on September 22, 2022, mooting the motion to proceed in forma pauperis.  On February 13, 2023, Plaintiff filed an Amended Complaint.  (Dkt. No. 20.)

On March 16, 2023, Plaintiff filed a motion to refund the filing fee paid on September 22, 2022.  (Dkt. No. 42.)  On March 17, 2023, Plaintiff filed a "Notice of Appeal of Denial of *IFP*."  (Dkt. No. 43.)  She also filed a Motion for Leave to Appeal IFP.  (Dkt. No. 45.)  The Motion for Leave to Appeal was referred to Judge Fricke on March 20, 2023.  After which, Plaintiff filed a motion seeking Judge Fricke's recusal.  (Dkt. No. 48.)

On March 24, 2023, Judge Fricke issued an order declining to recuse herself, and, per Local Civil Rule 3(f), directed the Clerk of the court to refer the motion to the undersigned Chief District Judge.  (Dkt. No. 52.)

### III    DISCUSSION

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily.  LCR 3(f).  If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review.  *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.  The standard for recusal under both statutes is the same: "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).  "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff presents no facts to conclude Judge Fricke's impartiality might reasonably be questioned.  She vaguely mentions Judge Fricke's political beliefs, repeatedly citing to Judge Fricke's preferred pronouns on her chambers webpage as proof of "political indoctrination".

(Dkt. No. 48 at 1.)  Even if listing preferred pronouns did indicate a political leaning, which this Court is unconvinced of, it does not have any relevance as to Judge Fricke's ability to determine matters referred to Judge Fricke.

Furthermore, Judge Fricke has shown no negative bias towards Plaintiff.  Plaintiff asserts in the motion that Judge Fricke "cost [Plaintiff] nearly a half a month of disability benefits in the form of the filing fee, because [Judge Fricke] denied IFP status[.]"  (Dkt. No. 48 at 2.)  However, she incorrectly asserts Judge Fricke denied her motion to proceed IFP.  This is because Judge Fricke found Plaintiff's original complaint as drafted lacked merit and that there was no basis to grant leave to proceed IFP.  Nonetheless, Judge Fricke provided Plaintiff an opportunity to file a proposed amended complaint so that Plaintiff's request to proceed IFP could be further evaluated.

In short, there is no basis to conclude Judge Fricke's recusal is warranted.  Accordingly, this Court AFFIRMS Judge Fricke's order (Dkt. No. 52) declining to recuse herself.

Dated this 10th day of April, 2023.

David G. Estudillo
United States District Judge